UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN ROBERT DEMOS JR,<br><br>             Plaintiff,<br>   v.<br><br>US ENVIRONMENTAL PROTECTION AGENCY,<br><br>            Defendants. | Case No. C21-1281 RJB-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for November 19, 2021 |

This case has been referred to Magistrate Judge Theresa L. Fricke pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. Petitioner John Demos, a state prisoner, has filed an application to proceed *in forma pauperis* ("IFP") and a proposed complaint. Dkt. 1-1. For the reasons discuss below, the Court should deny plaintiff's IFP application and should dismiss plaintiff's complaint with prejudice.

DISCUSSION

Plaintiff is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). An Order of this Court provides for the return without filing of any petition that seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254, unless accompanied by the filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997). In addition, plaintiff may submit only three IFP applications and

1  proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D.
2  Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos*
3  (W.D. Wash. Dec. 15, 1982). Plaintiff has already reached this annual limit. *See, e.g.,*
4  *Demos v. Pence, et al.*, No. C21-109-BHS (W.D. Wash.); *Demos v. Dominion Voting*
5  *Systems, et al.*, No. C21-110-RAJ (W.D. Wash.); *Demos v. Holbrook, et al.*, No. C21-
6  217-RJB (W.D. Wash.).

7  Furthermore, under 28 U.S.C. § 1915(g), plaintiff must demonstrate "imminent
8  danger of serious physical injury" to proceed IFP because he has had more than three
9  prior actions dismissed as frivolous, malicious, or for failure to state a claim. *See Demos*
10 *v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999). Plaintiff's proposed complaint
11 states that he is in imminent danger of serious physical injury because Washington
12 state houses hazardous waste sites and nuclear powerplants that plaintiff fears will
13 pollute the air in Washington state. Dkt. 1-1. Plaintiff's claims do not demonstrate that
14 he faces "imminent danger of serious physical injury." *Andrews v. Cervantes*, 493 F.3d
15 1047, 1055 (9th Cir. 2007) (internal citations omitted).

16 Based on the foregoing, the Court should DENY plaintiff's IFP application.

17 Moreover, even if plaintiff paid the Court filing fee for his complaint, the complaint
18 would be subject to dismissal. Plaintiff's complaint alleges that unnamed government
19 officials are failing to enforce an unidentified law which creates a risk of polluting the air
20 in Washington state. Plaintiff's claims are conclusory and speculative. Therefore,
21 plaintiff's complaint should be dismissed with prejudice.

22 The parties have **fourteen (14) days** from service of this Report and
23 Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule

24

25

REPORT AND RECOMMENDATION - 2

of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **November 19, 2021**, as noted in the caption.

Dated this 3rd day of November, 2021.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3